Mary Streit Preston, Appellant, *v.* Lawrence G. Preston, Respondent.*

Supreme Court, Appellate Term, First Department, December 18, 1941.

*Hartman, Sheridan & Tekulsky* [*Samuel I. Hartman* and *Walter S. Beck* of counsel], for the appellant.

*Spellman & Levy* [*Benjamin F. Spellman* and *Washington Irving Levy* of counsel], for the respondent.

Per Curiam. Plaintiff was entitled to have the allegations of the complaint accepted as the true facts with every fair intendment drawn in their favor.

The amount in suit was for five payments of $200 each due and payable under the judgment of a Florida court on the 5th and 20th days of November and December, 1940, and the 5th day of Janu-

* Revg. 176 Misc. 478.

ary, 1941, totaling $1,000. The amounts to be paid, as fixed in the judgment, were definite and unconditional. (*Rosbach* v. *Sackett & Wilhelms Co.*, 134 App. Div. 130.) The amounts of alimony are past due and defendant has not shown that he has made any application to vary or modify the terms of the judgment. He cannot attack the Florida judgment collaterally. (*Hess* v. *Hess*, 276 N. Y. 486; *Glaser* v. *Glaser*, Id. 296; *Tiedemann* v. *Tiedemann*, 225 id. 709.)

The language of the Florida statute (Florida Laws of 1935, chap. 16780) quoted does not indicate the existence of the power to revoke or modify an installment of alimony which had accrued prior to such an application and every reasonable implication must be resorted to against the existence of such power in the absence of clear language manifesting an intention to confer it. Past due installments of alimony under a foreign judicial decree that remain unpaid constitute vested property rights of which the party entitled thereto cannot be deprived except by due process of law. (*Smith* v. *Smith*, 255 App. Div. 652; *Sistare* v. *Sistare*, 218 U. S. 1.) This undoubtedly is the law of Florida as expressed in the statute relied upon by defendant. (*Pottinger* v. *Pottinger*, 133 Fla. 442; 182 So. 762; *Van Loon* v. *Van Loon*, 132 Fla. 535; 182 So. 205.)

Accordingly, defendant is not entitled to judgment on the pleadings dismissing the complaint for insufficiency, under rule 112 of the Rules of Civil Practice. On the contrary, the facts admitted by the pleadings and evidence shown by the proof entitled plaintiff to summary judgment on her motion under rule 113 of the Rules of Civil Practice.

Judgment and order reversed, with ten dollars costs, defendant's motion denied, and plaintiff's motion granted.

All concur. Present — McCook, Hammer and McLaughlin, JJ.