LOIS M. TOMS, Plaintiff, *v.* ROBERT C. TOMS, Defendant.

Supreme Court, Special Term, Onondaga County, December 16, 1946.

*Paul R. Shanahan* for plaintiff.

*Gregg, Delvecchio & Coulter* for defendant.

SEARL, J. Plaintiff moves for summary judgment (Rules Civ. Prac., rule 113). The complaint demands judgment for $900, unpaid alimony to a former wife, representing accumulated payments due from December 1, 1945. The husband's answer admits the entry of judgment dissolving the marriage on June 17, 1943, in the State of Florida, personal service of the summons on defendant and his appearance by attorneys. Also, the answer admits an agreement in writing as to property settlement, which contained a provision that the husband pay the wife $150 per month until death or remarriage, executed two weeks prior to the entry of judgment, and that defendant has made no payments to plaintiff since December 1, 1945. For a separate defense, the answer alleges that the contract was entered into at a time when the parties were husband and wife, as well as in contemplation and as an inducement of plaintiff securing a divorce; that the contract and judgment are void as against public policy. As a further defense, it is alleged that the earning power of defendant has greatly diminished since the making of the contract. As a third defense, it is alleged that the wife has failed to carry out and fulfill the terms of the contract and decree in failing to support, maintain and educate a daughter of the marriage.

The question of the defense that the contract is against public policy is readily disposed of. A copy of the contract is made a part of the answer. The contract recites that the action for divorce has actually been instituted. It provides in detail for the support of the wife and for the maintenance and education of the daughter. The instrument is under seal and there is nothing in its terms, either express or by implication, which offends public policy.

As to the third defense; namely, that the wife has failed to support, maintain and educate the daughter, the contract itself supplies the reply. It provides that the husband " agrees to furnish support, maintenance and education of their daughter during her minority * * * and will finance such proper education and schooling within his financial ability."

This brings us to the third and main issue, argued by defense counsel as constituting a triable issue. Does the allegation that defendant's " financial condition has greatly decreased " since the date of the contract and decree in 1943, deprive plaintiff of the right to enter judgment in this court for amounts that defendant is concededly in default on the date the instant action was instituted? Defendant urges that chapter 16780 of the Florida Acts of 1935 (see Florida Compiled Statutes, § 4993–1) permits either party to " apply to the Circuit Court of the Circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony," and make such judgment and order as justice shall require.

It must be noted, however, that the next following sentence of the act provides: " * * * *Thereafter* the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the purpose of all actions or proceedings of every nature and wherever instituted, whether within or without the state, shall be deemed to be, and shall be, modified accordingly * * *."

The next paragraph states the section to be " declaratory of existing public policy ".

Basing his argument upon the provisions of this act, defense counsel argues that under the full faith and credit clause of the Federal Constitution neither the Florida decree nor the contract is of such finality as to preclude defendant from here asserting a defense as to the accrued and unpaid alimony installments, or as to the future ones.

The issue as to the amount of future payment is not now before the court. The only issue now to be decided is: Can defendant, although he has neither obtained nor sought modification of the Florida court decree, as provided by the Florida Acts of 1935, above referred to, nevertheless assert here in New York any defenses which would have been available had the application been made in Florida, the State of original jurisdiction?

Our Appellate Term, First Department, in *Preston* v. *Preston* (178 Misc. 81, 82) has passed upon this question, holding that " Past due installments of alimony under a foreign judicial

decree that remain unpaid *constitute vested property rights of which the party entitled thereto cannot be deprived except by due process of law.* (*Smith* v. *Smith*, 255 App. Div. 652; *Sistare* v. *Sistare*, 218 U. S. 1.) '' (Italics inserted.)

A similar situation arose in *Goldberg* v. *Mayer* (243 App. Div. 477, affd. 270 N. Y. 660). The husband and wife had entered into a separation agreement in Nevada, by the terms of which the weekly allowance to be paid the wife could be increased or lowered according to the husband's financial condition. In an action brought in New York for unpaid, accrued amounts, summary judgment was awarded for unpaid amounts under rule 113. The opinion in the Appellate Division stated: '' In the first place, this action is predicated upon a judgment of a sister State for alimony which accrued by virtue thereof, and consequently it is entitled to full faith and credit. (*Van Horn* v. *Van Horn*, 196 App. Div. 472.) ''

The contention of defendant in the instant case fits with neither justice nor established law. The husband has slept on his rights, if rights of reduction there be. He has permitted the amounts as they came due to become vested rights for which the wife can recover. As to future amounts to become due, the husband has his remedy as provided by the Florida statute. Authorities in the State of Florida, cited by defendant, do not aid his contention. *Vilas* v. *Vilas* (153 Fla. 102) holds that under the doctrine of '' clean hands '', a decree generally will not be vacated under the Florida statute referred to, unless the petitioner has paid up amount in arrears. The decision in *Chiapetta* v. *Jordon* (153 Fla. 125) refers to the enforcement of a decree granted before the passage of the act of 1935. The remaining authority, *Blanton* v. *Blanton* (154 Fla. 750), but confirms our conclusion. There, a husband in default applied for modification of a support order. The court granted the wife judgment on her counter application for judgment representing arrears in alimony payments.

The increase in matrimonial difficulties, caused largely by the war, accentuates the need of a uniform divorce law. Such difficulties, however, are by no means of recent origin. As far back as A.D. 175, we find Marcus Aurelius deciding that the praetor could refuse to record a desired divorce, if he saw fit, and demand reasons therefor. Then, for the first time, we find a divorce trial. On appeal to Marcus Aurelius, he decided that if the man were in the wrong, he must still support the injured wife.

**Summary judgment is granted in the instant application.**