### GONZALES v. GONZALES.
Civil Action No. 7620.

United States District Court
E. D. Pennsylvania.
March 28, 1949.

See also, D.C., 74 F.Supp. 883.

Edward Davis and LeRoy Comanor, both of Philadelphia, Pa., for plaintiff.

Benjamin H. Renshaw, Jr., of Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This is a suit for unpaid installments for support and maintenance allegedly due plaintiff and her three minor children by defendant under and in accordance with a decree of the Court of Chancery in the State of New Jersey under date of February 24, 1944. The case was tried before this Court without a jury.

On the basis of the pleadings and the testimony, I make the following special.

### Findings of Fact.

1. The plaintiff is Helene A. Gonzales, a resident of the City and State of New York.

2. The defendant is John L. Gonzales, a resident of Bucks County, State of Pennsylvania.

3. On February 24, 1944, in Chancery of New Jersey 151/285, the court having jurisdiction of the parties ordered and decreed, inter alia, as follows:

"* * * that the defendant, John L. Gonzales do pay to the complainant, Helene A. Gonzales, or to her solicitor, David T. Wilentz, the sum of Sixty Dollars ($60.00) per week, or fifty percent (50%) of his net income, whichever is the larger, upon Tuesday of each and every week commencing on the 22nd day of February, 1944, and continuing until the further order of this Court, as and for the support and maintenance of herself and the infant children of said marriage in her custody.

"And it is further ordered and decreed that the custody of Thomas A. Gonzales, 3rd, age 11, and Andrea Marie Gonzales, age 4½, and Linda Anne Gonzales, age 1½, infant children of said marraige, be, and the same is hereby awarded to the complainant until the further order of this Court, and that defendant may have the right of reasonable visitation until the Court shall otherwise order.

\* \* \* \* \* \*

"And it is further ordered and decreed that the parties hereto be at liberty to apply to this Court for added or other relief or for a modification of the terms of this decree as the circumstances of the parties may require."

4. The action in Chancery of New Jersey was never reduced to a final money judgment.

5. Shortly after the New Jersey proceedings of February 24, 1944, plaintiff, with the three minor children, took up her residence in the City of New York, and defendant took up his residence in Bucks County, Pennsylvania.

6. Defendant paid plaintiff in accordance with the terms of the New Jersey order an aggregate of $5,042.50, leaving a balance due under the terms of that order as of February 22, 1947, in the sum of $4,317.50.

7. Defendant ceased making payments under the New Jersey order deliberately in an effort to enforce a modification of that order.

8. On March 4, 1947, Helene A. Gonzales, brought an action for desertion and non-support against John L. Gonzales on behalf of herself and her minor children in Bucks County, Pennsylvania.

9. In the Bucks County proceeding the following colloquy took place between the court, the plaintiff, Helene A. Gonzales, and Counsel for plaintiff and defendant, referring to the decree of the Chancery Court in New Jersey,

"Mr. Biester: * * * In so far as the order part of that decree is concerned, not the rest of it, and not anything affecting custody of the children or anything else that may be in that agreement, but only in so far as it affects the order there made, Mrs. Gonzales is willing to, let's say, waive her rights under it during the pendency of the order that is made here.

"Judge Keller: I think that is as far as she ought to go.

"Mr. Biester: I don't think we will go any further—that while this order is in effect and being complied with that any rights she might have under that decree will be suspended.

"Mr. Renshaw: But in so far as that is concerned, there was only one thing I didn't quite understand. The District Attorney, as I understand it, said the order will be suspended as long as there is an order made in this?

"Judge Keller: The order as to the support.

"Mr. Renshaw: Now in so far as the custody of the children is concerned, under that order Mrs. Gonzales was—

"Judge Keller: It was adjudicated. That is not going to be touched by this Court.

"Mr. Kilcoyne: It isn't relevant to this proceeding anyway.

"Mr. Renshaw: In other words, it just affects the order in so far as the money is concerned?

"Judge Keller: The order of support.

"Mr. Renshaw: The order of support. Thank you, Your Honor.

"By Judge Keller:

"Q. Is that understood, now, Mrs. Gonzales, that you are willing to have the order made in the Court of Chancery of New Jersey in an action between you, Helene A. Gonzales, Plaintiff, and John L. Gonzales, Defendant, 151/285, on Bill for Separate Maintenance, in so far as the order of support is concerned you are willing to have that suspended pending the order which may be made here? A. Yes, I am quite willing.

"Q. And so long as that order is complied with by the defendant? A. Yes sir."

10. On March 4, 1947, an order was entered by the Bucks County Court directing the said John L. Gonzales to pay for the support of his wife, Helene A. Gonzales, and their three children, Thomas A. Gonzales, 3rd, Andrea Marie Gonzales, and Linda Anne Gonzales, the sum of $30 per week.

11. On May 4, 1948, the Bucks County, Pennsylvania, order of March 4, 1947, was amended requiring the said John L. Gonzales to pay to the said Helene A. Gonzales the sum of $25.00 per week for the support of herself and their three minor children.

12. On May 24, 1948, on motion of John L. Gonzales, the Chancery Court of New Jersey ordered, inter alia, as follows,

"It is, thereupon, * * * ORDERED upon the consent below that the Order for support of said Helene A. Gonzales and the said three infant children entered in this Court in the above entitled matter be and is hereby suspended, as of and from the 4th day of March, 1947, until the further order of this Court; * * *."

This order was approved as to form by Counsel for Helene A. Gonzales.

13. Defendant moved to dismiss the action for the following reasons,

(a) Lack of jurisdiction over the subject matter and over the person.

(b) Because the New Jersey decree was then the subject of legal attack in that jurisdiction (referring here to motion of John L. Gonzales on which the order of the

Chancery Court of New Jersey of May 24, 1948, was predicated).[1]

14. The motion for dismissal came on for argument and was dismissed by order of court dated November 21, 1947.

15. The court in its order of dismissal held, inter alia,

(a) Helene A. Gonzales had in fact established an independent domicile and that diversity of citizenship is present in the instant case and this court has jurisdiction.

(b) The court does not lack jurisdiction on the ground that the subject matter of this suit is based upon an order for maintenance and support.

(c) An action for maintenance and support constitutes a civil proceeding and not a criminal or quasi-criminal proceeding.

(d) The decree of the Chancery Court in New Jersey although captioned "Final Decree" is not a final judgment for by its terms it is subject to modification.

(e) The plaintiff, Helene A. Gonzales, in the Bucks County action abandoned or waived her rights under the New Jersey decree only in so far as they relate to future payments for maintenance and support and that she did not intend to abandon her rights with respect to the maintenance and support which had already accrued under the provisions of the New Jersey Final Decree and which had not been paid; the court further held, however, that questions of waiver or abandonment were not properly subjects of a motion to dismiss but matters of defense to be raised at the trial of the cause.

16. No portion of the amount here sued upon has been reduced to judgment.

## Discussion

The case is now before me on the merits. After hearing the testimony, I find myself in complete accord with the court in its order of dismissal as to the jurisdictional requirements of the suit. I am also of the opinion that in the Bucks County proceeding Helene A. Gonzales abandoned or waived her rights under the New Jersey decree only in so far as they related to future payments for maintenance and support and that she did not abandon her rights with respect to the maintenance and support which had already accrued under the provisions of the New Jersey decree and which had not been paid.

The testimony furthermore disclosed that subsequent to the order of dismissal, to wit, on May 24, 1948, the Chancery Court of New Jersey, on motion of the defendant, entered an order suspending its order of February 24, 1944, as of and from March 4, 1947, until the further order of the court. However, neither at this time nor at any other time before or after did the New Jersey decree reach a state of finality as to the unpaid installments. Consequently, the only question requiring decision is whether the New Jersey decree, upon which the suit is based, is of such a character that it will support the present suit.

It will be noted that the original decree was dated February 24, 1944; that it directed support and maintenance in the sum of $60 per week to be paid, commencing February 22, 1944; that accordingly the only amount due and payable as of the date of the decree was for the two day period, or $17.14. It is admitted that payments under the decree were made in the sum of $5,042.50, and it must therefore be assumed that included therein was the amount of $17.14 due and payable when the decree was signed. As to the support and maintenance thereafter and from time to time becoming due and payable, the decree was not a final judgment for a fixed sum under the laws of New Jersey. In Duffy v. Duffy, 19 A.2d 236, 19 N.J.Misc. 332, it was held that the "wife has no vested right to recover unpaid arrearages of alimony or maintenance, as it is always within the power of a Court of Chancery to modify its original order with retroactive effect, and thus reduce the amount of unpaid arrearages, or extinguish them entirely, and hence a Court of Chancery has authority to de-

---

[1] The original motion to dismiss was filed August 25, 1947, which raised only the first question. The second question was raised by supplemental motion to dismiss filed October 18, 1947.

cline to make orders facilitating collection of such unpaid arrearages."[2]

As to the question here posed, the Restatement of the Law on Judgments, Sec. 41, states the rule and comments, inter alia, as follows,

"The rules of res judicata are not applicable where the judgment is not a final judgment.

"* * * For the purposes of the rules stated in this Subject a judgment at law is not a final judgment if further judicial action by the court rendering the judgment is required to determine the matter litigated; * * *.

"Where a court has given a judgment for the payment of alimony in installments, an action can be maintained in the same or in another State upon the judgment to recover installments which have become due, if the judgment was a final judicial determination of the right to payment. If, however, the judgment is subject to modification by the court which renders it, it is not a final judgment and an action cannot be maintained thereon."

The plaintiff here rests her case on Barber v. Barber, 21 How. 582, 16 L.Ed. 226. The instant case, however, is ruled by Israel v. Israel, 3 Cir., 148 F. 576, 580, 9 L.R.A.,N.S., 1168, 8 Ann.Cas. 697, which held the Barber case to be "overruled, or at least modified" by the later case of Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810. The apparent confusion resulting from the Barber and Lynde cases has been completely composed and set at rest by Sistare v. Sistare, 218 U.S. 1, at page 16, 30 S.Ct. 682, at page 686, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061, where the court in comparing the cases held:

"* * * we think the conclusion is inevitable that the Lynde case cannot be held to have overruled the Barber case, and therefore that the two cases must be interpreted in harmony, one with the other, and

that on so doing it results: First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber case, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where by the law of the state in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due."

Unfortunately, the Court cannot here be influenced by the equities of the case, which in my opinion are all on the side of the plaintiff. She alone has had the responsibility of the care and maintenance of the three minor children, one of whom is an invalid. The defendant deliberately ceased making his payments under the New Jersey decree for the avowed purpose of forcing a modification of the same. He did not go into the Chancery Court of New Jersey to seek to justify a modification of the decree, but rather sat back and threw the burden of stabilizing the matter of the support of the wife, and particularly that of his children, upon them. Following the Bucks County decree he did secure a stay on the New Jersey decree.[3] However, as we have already indicated, the New Jersey decree never did reach a state of finality as to the unpaid installments. We must therefore most reluctantly conclude that

---

[2] See also 42 C.J.S., Husband and Wife, § 626, page 273.

[3] It is difficult to understand why when this staying order was secured, and which was approved as to form by New Jersey Counsel for plaintiff, there was not included in the order a stabilizing provision as to the unpaid installments of support and maintenance.

the New Jersey decree being subject to modification was not a final judgment, and accordingly judgment here must be entered for the defendant.

### Conclusions of Law

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. The plaintiff, Helene A. Gonzales, in the Bucks County, Pennsylvania, proceeding abandoned or waived her rights under the New Jersey decree only in so far as they relate to future payments for maintenance and support and she did not abandon her rights with respect to the maintenance and support which had then accrued under the provisions of the New Jersey decree and which had not been waived.

3. The decree of the Court of Chancery of New Jersey, dated February 24, 1944, being subject to modification, was not a final judgment.

4. No portion of the amount here sued upon having been reduced to judgment, the decree as to such amounts is still subject to modification by the court that entered the decree.

5. Judgment will be entered for the defendant.

