Per Curiam.

The only issue for determination on plaintiff’s motion for summary judgment, based on the record, was raised by defendant’s allegation that he paid plaintiff “ several hundred dollars ”. He failed completely, however, to establish any details with respect to such alleged payments. His allegations with respect to a modification of the Florida divorce decree are without merit. Two Justices of the Supreme Court, upon application by defendant to modify the decree based upon his allegation that the earnings of his wife entitled him to a reduction of the alimony of $28 per week, as provided in the Florida decree, to $10 per week, have indicated that the only manner in which he may obtain a modification of the Florida decree is by application to the Florida court, since this court must give full, faith and credit to the Florida decree, which is clear and unequivocal in its terms.
Accordingly, the court below should have granted the plaintiff’s motion to the extent of ordering an assessment of the amount due to plaintiff as arrears since the entry of the Florida decree, based upon alimony in the sum of $28 per week, as provided therein.
The order should be modified to the extent of remitting ease to the lower court for the sole purpose of assessing the amount due to plaintiff as arrears in alimony since the entry of the *540 Florida decree, without consideration of the defendant’s allegations with respect to the modification of said decree or his contention that plaintiff’s alimony should be calculated on the basis of $10 weekly because of her earnings; and as so modified, affirmed, without costs.
Edeb, Hecht and Tilzer, JJ., concur.
Ordered accordingly.