Peter A. Quinn, J.
Motion to dismiss the complaint for legal insufficiency. The complaint states the following: The parties were married until September 21, 1950, when a final decree of divorce was rendered in Florida by the terms of which decree, under an agreement made a part thereof, plaintiff was to have custody of the child of the parties and defendant was to pay $25 per week for plaintiff’s support and for the support and maintenance of the child; that defendant appeared in said action; that plaintiff and defendant remarried each other on February 2, 1951; that on July 10,1951, in the Supreme Court of New York, plaintiff was granted an interlocutory judgment of annulment of the marriage of February 2,1951, which judgment of annulment became final on October 11,1951; that defendant made no application to modify the Florida decree of divorce; that no part of the payments required to he made to plaintiff for her support and for the support of the child under the Florida decree has been made by defendant from September 21, 1950 to February 2, 1951, and from October 11, 1951 to the present, and there is due and owing thereunder to plaintiff $13,075.
Prior to the enactment of section 1140-a of the Civil Practice Act, it was held that a second marriage which had been annulled did not deprive a wife of the provisions of support in a divorce decree against a first husband (Sleicher v. Sleicher, 251 N. Y. 366). There the court held that the first husband’s obligation to make the payments was not terminated by the invalid remarriage, resting the decision on the doctrine of “ relation back ” or “ rescission from the beginning ”, that is, as the court put it (p. 369), that an “ annulment when decreed, puts an end to [the marriage] from the beginning * * *. It is not dissolved as upon divorce. It is effaced as if it had never been ”. Accord *62 ingly, the husband was required to pay all installments due from the date of the annulment.
At the time of the Sleicher decision, a wife could not obtain alimony or other support upon annulment of the marriage. However, since that time, the Legislature has enacted section 1140-a of the Civil Practice Act, which provides that upon annulment of a marriage the court ‘ ‘ may give such direction for support of the wife by the husband as justice requires.” By that section, “ the legislature has chosen, without regard to whether the marriage is void or voidable, to attach to annulled marriages sufficient validity and significance to support an award of alimony, in other words, to serve, the same as any valid marriage would, as the foundation of a continuing duty to support the wife after the marriage is terminated.” (Gaines v. Jacobsen, 308 N. Y. 218, 225.)
The enactment of this provision alters the situation so materially as to call for a result different from that in the Sleicher case (Gaines v. Jacobsen, supra). The doctrine of “relation back ’ ’ no longer holds in the situation here presented. The fact that plaintiff married the same husband, the second time, and had it annulled, does not alter the situation. She has a remedy in the annulment action as provided by the Legislature. Consequently, that part of the complaint for support under the Florida decree, from the date of the final decree of annulment, is insufficient. However, with respect to the claim for support for the period from September 21, 1950 to February 2, 1951, the plaintiff states a cause of action. Past-due installments of alimony under a foreign judicial decree which remain unpaid constitute vested property rights of which the party entitled thereto cannot be deprived except by due process of law (Preston v. Preston, 178 Misc. 81 [App. Term, 1st Dept.]).
Since this motion is made under rule 106 of the Rules of Civil Practice, and there is enough in the complaint to sustain a separable part of the cause of action, the motion must be denied.