Mario Pittoni, J.
Motion and cross motion for summary judgment in an action to recover arrears allegedly due pursuant to a decree of divorce obtained by the plaintiff from the decedent, John L. Casullo, on January 25, 1946, in the United States District Court for the District of Columbia.
The decree awarded custody of the six-year-old child of the marriage to the plaintiff and provided $65 per month for the child’s support until further order of the court. John L. Casullo died on October 21, 1961. A claim against the executrix was made in January, 1964 for $11,960 for arrears and in February, 1964 for $4,914, the interest on the claim.
Examination of the plaintiff’s deposition reveals: that the plaintiff remarried in January, 1947; that her new husband, Paul A. Keats, legally adopted John Allen Casullo, the child of the marriage between the plaintiff and the decedent, in June, 1955; that during the intervening years between the date of the divorce and the death of John L. Casullo, the latter did not make any payments of support; that the plaintiff made no effort during that span of time to collect the payments, nor did she remind the decedent at all of his obligation under the decree; that after *822 her remarriage, her new husband supported John Allen, The letters written by the plaintiff to her former mother-in-law, subsequent to the plaintiff’s divorce from her son, reveal that the plaintiff and her present husband did not want any contact with the decedent. In one, dated October 18,1960, the plaintiff wrote in part “We don’t want anything from John [decedent] but to be left alone. ”
The only conclusion that can be drawn from the plaintiff’s deposition and her letters annexed to the defendant’s moving papers is that neither the plaintiff nor her present husband furnished the support for John Allen with the expectation of being reimbursed by the decedent to the extent provided in the decree. Regardless of what one may think of the decedent’s conduct, under the legal authorities the plaintiff may not recover.
In a similar case, Smith v. Smith (255 App. Div. 652, 654) it was written: “ On principle, a judgment for alimony or support of a child .sought to be enforced in another State, is considered a ‘ debt of record, until the decree has been recalled, as any other judgment for money is ’ * * * and as to the amount accrued , ‘ the courts of this State should give it full credit and effect ’. ” However, if, as here, the defense be interposed that the child was supported without expectation of repayment by the father, the debt is regarded as paid. To again quote the Smith case (supra, p. 657): “As already stated, this judgment is a debt. In terms it provided weekly payments for the support and maintenance of the child. If such support has been provided either by the plaintiff or by a volunteer who acted without expectation or claim of reimbursement, the debt is paid (Swanton v. Curley, 273 N. Y. 325; Silkworth v. Silkworth, supra). It is not uncommon for a wealthy divorced wife or her parents to assume the duty of supporting children instead of imposing the obligation on a husband and father of limited means. The obligation of the father to support his child always exists, but is measured in this case in definite terms by the judgment. The payment by another without expectation of reimbursement would satisfy the obligation. Neither the wife nor the child would be aggrieved if, though the father were recreant, support and maintenance had been supplied. In case of a judgment, no longer would there be a debt (Brill v. Brill, 148 App. Div. 63; Barrett v. Barrett, 221 id. 710). ” (Emphasis supplied.)
The plaintiff has offered no proof that the support provided by her for John Allen prior to her remarriage, or by her new husband after remarriage, was made with the expectation of repayment. In view of that fact, it is unnecessary to consider the *823 other defenses pleaded in the answer, such as laches, Statute of Limitations, etc.
Accordingly, the motion of the defendant for summary judgment dismissing the complaint is granted. Cross motion is denied.