Mildred FORBES, Plaintiff,

v.

Andrew V. GALWAY, as Executor of the
Estate of Harry E. Forbes, Deceased,
Defendant.

No. 66 Civ. 3967.

United States District Court
S. D. New York.

April 5, 1967.

Karpatkin, Ohrenstein & Karpatkin,
New York City, for plaintiff; Marvin
M. Karpatkin, New York City, and Irwin
Panter, Chicago, Ill., of counsel.

Broderick, Galway & Vaccaro, New
York City, for defendant; Charles S.
Vaccaro and Andrew V. Galway, New
York City, of counsel.

MANSFIELD, District Judge.

This is a diversity action brought by
a former wife against her divorced hus-
band's executor to recover overdue pay-
ments of alimony allegedly amounting to
$36,200, plus interest, under a New Jer-
sey divorce decree of 1949. The defend-
ant has moved to dismiss the complaint
on three grounds: (1) failure to state a
claim upon which relief can be granted;
(2) failure of the defendant to be desig-
nated as executor by a court of compe-
tent jurisdiction; and (3) lack of fed-
eral jurisdiction, based on the contention
that application of a one-year statute of
limitations would reduce the amount in
controversy to less than $10,000.

Disposition of the motion to
dismiss for failure to state a claim upon
which relief can be granted turns on
whether the accumulation of overdue ali-
mony under the New Jersey decree is a
judgment upon which an action can be
brought in the courts in New York. The
answer to this question depends, in turn,
on whether New York would be required
by the full faith and credit clause of the
United States Constitution to entertain
this action, or whether New York would
in any event enforce the New Jersey de-
cree as a matter of comity or discre-
tionary practice. Under the Supreme
Court's decision in Sistare v. Sistare,
218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905
(1909), such a judgment is not entitled
to full faith and credit if it is subject to
retroactive modification in the courts
of New Jersey. Applying this standard,

we must conclude that the New Jersey award here is subject to such modification, and is not enforceable as a matter of right in New York. Madden v. Madden, 136 N.J.Eq. 132, 40 A.2d 611 (Ct. Err. & App.1945); Slep v. Slep, 43 N.J. Super. 538, 129 A.2d 317 (1957); Federbush v. Federbush, 5 N.J.Super. 107, 110, 68 A.2d 473, 474 (1949); see, in accord, the dictum of Mr. Justice (then Judge) Brennan, in Whitehead v. Villapiano, 16 N.J.Super. 415, 422, 84 A.2d 731, 735 (1951).*

While New York courts are not required by the full faith and credit clause to enforce the New Jersey award, it is arguable that if they would do so anyway this Court would then have to accept jurisdiction. Cf. Vestal & Foster, Implied Limitations on the Diversity Jurisdiction of the Federal Courts, 41 Minn. L.Rev. 1, 8, 31 (1956); but see Morris v. Morris, 273 F.2d 678 (7th Cir. 1960); Gonzales v. Gonzales, 83 F.Supp. 496 (E. D.Pa.1949). However, those New York courts which have recognized that New Jersey law allows retroactive modification of alimony awards have uniformly refused to grant relief on the basis of such awards. Smith v. Smith, 48 Misc. 2d 895, 266 N.Y.S.2d 302 (Civ.Ct.City of N.Y.1965); Cosney v. Cosney, Sup., 235 N.Y.S.2d 200 (Sp.T.New York Co. 1962); Phelps v. Phelps, Sup., 68 N.Y.S. 2d 650 (Sp.T.Broome Co. 1947); Rossi v. Rossi, 187 Misc. 543, 56 N.Y.S. 2d 383 (Tr.T.N.Y.Co. 1944), affd. 269 App.Div. 821, 56 N.Y.S.2d 396 (1945); Maltz v. Maltz, 279 App.Div. 52, 107 N. Y.S.2d 987, 990 (1951) (dictum).

Existing authority further reveals that a New York court would not take jurisdiction of an action such as this on the theory that it has the same power to modify the alimony award in response to equitable considerations as the New Jersey courts. Smith v. Smith, supra, 48 Misc.2d 895, 266 N.Y.S.2d at 307; Steinhauser v. Steinhauser, 5 Misc. 2d 539, 158 N.Y.S.2d 854 (App.Term 1st Dept.1956); Little v. Little, 146 Misc. 231, 262 N.Y.S. 654 (Sup.Ct.N.Y. Co. 1932). Moreover, federal courts will not take jurisdiction of domestic relations actions requiring exercise of equitable discretion. See Morris v. Morris, supra; Gonzales v. Gonzales, supra; C. Wright, Federal Courts, 73 (1963); cf. In re Burrus, 136 U.S. 586, 593–594, 10 S.Ct. 850, 34 L.Ed. 500 (1890); Bercovitch v. Tanburn, 103 F.Supp. 62 (S.D. N.Y.1952) (McGohey, J.).

The Court is aware of the difficulties and hardships encountered in the enforcement of alimony awards under the foregoing conditions imposed by the courts of New York. See Enforcement of Foreign Non-Final Alimony Decrees, 18 Vand.L.Rev. 830 (1965); Scoles, Enforcement of Foreign "Non-Final" Alimony and Support Orders, 53 Colum.L. Rev. 817 (1953). But a federal court is not the forum for innovations and reforms in a matter which is essentially one of state concern.

For the foregoing reasons, this action must be dismissed. While it thus becomes unnecessary to pass upon the second and third grounds urged for dis-

---

* With one exception (Landis v. Landis, Sup., 55 N.Y.S.2d 228 (Sp.T.N.Y.Co. 1945)), decisions of New York courts cited by plaintiff to the contrary either predate the New Jersey courts' uniform and consistent holdings that their alimony decrees are retroactively modifiable (e.g., Smith v. Smith, 255 App.Div. 652, 9 N.Y. S.2d 188 (2d Dept.1939); Preston v. Preston, 178 Misc. 81, 33 N.Y.S.2d 24 (App.T. 1st Dept.1941)), or refer to decrees of other states (e.g., Toms v. Toms, 188 Misc. 451, 68 N.Y.S.2d 718 (Sp.T. Onondaga Co. 1946) (Florida decree); Strudwick v. Strudwick, Sup., 110 N.Y.S. 2d 839 (Sp.T.N.Y.Co. 1952) (California);

Papatsos v. Andreadis, 31 Misc.2d 60, 219 N.Y.S.2d 810 (Sp.T.Bronx Co. 1961) (Florida); Greene v. Greene, 31 Misc.2d 1009, 221 N.Y.S.2d 236 (Sup.Ct.Monroe Co. 1961) (Arizona); Keats v. Casullo, 50 Misc.2d 821, 271 N.Y.S.2d 540 (Sp.T. Nassau Co. 1966) (Dist. of Columbia)). With respect to Landis v. Landis we can only conclude that the New York court there, in holding that payments of alimony due under a New Jersey decree were fixed and required by the full faith and credit clause to be enforced in New York, misapprehended the New Jersey law which was in a less certain state at that time.

missal, they do not appear to be of substance. The designation of the defendant as executor of Forbes' estate by order signed December 30, 1966, appears to dispose of the second ground; and an action to enforce a judgment for alimony may be brought within twenty years. New York CPLR § 211(b); Probst v. Probst, 259 App.Div. 1090, 21 N.Y.S.2d 294 (2d Dept.1940), appeal dismissed, 285 N.Y. 840, 35 N.E.2d 505 (1941); N.J.S.A. 2A:14–5; Whitehead v. Villapiano, 16 N.J.Super. 415, 84 A.2d 731 (App.Div.1961).

The complaint is dismissed.

So ordered.