Nanette Dembitz, J.
The question of law in this proceeding is whether this court should enforce an order for alimony issued by a court of another State merely as a “ temporary ’ ’ order. No final adjudication or final order has been entered in the divorce proceeding commenced by petitioner wife against respondent husband in Florida. However, petitioner secured an order for temporary alimony of $250 a week in her Florida proceeding. Bight months thereafter, respondent having left Florida for New York, she filed a petition under subdivision (c) of section 466 of the Family Court Act for enforcement of the temporary order. The question of whether the act covers out-of-State temporary orders appears to be of first impression.
Subdivision (c) of section 466 of the Family Court Act authorizes this court’s enforcement of an order or decree granting alimony made by a court of another State, without any explicit reference to the temporary or final nature of the order; and the context negates a legislative intent to limit this court’s authority to final orders.[1] However, since the intent of subdivision (c) of section 466 is less than crystal clear, and since, apart from the act, a distinction has been drawn between tem *868 porary and final alimony orders for the purpose of out-of-State enforcement,[2] it is necessary to consider respondent’s contention that general principles of law require a limiting interpretation of subdivision (c) of section 466.
The provision in subdivision (c) of section 466 of the Family Court Act for enforcement or modification of out-of-State awards established a new type of proceeding for New York. (Matter of Seitz v. Drogheo, 21 N Y 2d 181.) Theretofore New York had refused to go any further in enforcement of out-of-State alimony awards than required by the full faith and credit clause of the Constitution (see Sistare v. Sistare, 218 U. S. 1; Barber v. Barber, 323 U. S. 77, 79-80), and thus had refused to enforce those out-of-State alimony orders that were subject to modification in the original State. (Rossi v. Rossi, 187 Misc. 543 [Sup. Ct., N. Y. County], affd. 269 App. Div. 821; Maltz v. Maltz, 279 App. Div. 52, 54 [1st Dept.]; Forbes v. Galway, 266 F. Supp. 762, 763-764 [S. D. N. Y., 1967].) Obviously modifiable decrees and orders are covered by subdivision (c) of section 466; indeed, applications of the subdivision (c) of section 466 modification power to orders that are immune from modification in the original State would raise a serious question under the full faith and credit clause.[3]
“ Final ” alimony orders in New York and in most States[4] are subject to modification because of changed circumstances. They are final in the sense that they follow the adjudication of the legal merits of a matrimonial action, but they are no more final than the temporary order preceding such adjudication from the standpoint of modifiability. Thus, despite some suggestions to the contrary, there seems to be no ground for distinction under the Sistare ruling between the temporary and final orders issued in most States. That is, in the light of the established full faith and credit doctrine that out-of-State enforcement depends on whether the order is modifiable in the original State and in the light of the practice of most States, including New York, of treating both temporary and final orders as modifiable, the Constitution furnishes no basis for reading a distinction between temporary and final orders into subdivision (c) of section 466.
*869 More impressive than a Sistare argument is the point that a temporary order should be denied enforcement in another State because it is merely a step in the conduct of a lawsuit in the original forum. ‘ ‘ All proceedings to compel the payment of temporary alimony are limited to the action in which the order for alimony was granted # * * it would seem
illogical to permit temporary alimony to form the basis of an independent action in a foreign jurisdiction.” (Kelly v. Kelly, 121 N. J. Eq. 361, 362, 365, supra). And see Hamilton v. Hamilton (113 Conn. 306). A temporary alimony order in Florida, New York, and other States is tied to the original action in that it is abrogated by an adverse final adjudication and a dismissal of the petition for divorce (a final order, by contrast, of course continues to be enforceable unless modified because of changed circumstances or successfully appealed). (Duss v. Duss, 111 So. 382 [Sup. Ct., Fla., 1927]; 2 Foster and Freed, Law and the Family [1966], § 25:64, p. 280; Kelly, supra; Hamilton, supra.)
Further, in New York and many other States, the temporary order in a matrimonial action is issued on the basis of affidavits rather than — as in the case of final orders — on the basis of testimony. (See 2 Foster and Freed, Law and the Family [1966], § 21:19, p. 24.)
However, these arguments as to the status of a temporary order compared to a final one, no more apply to temporary orders of out-of-State courts than they do to those of the New York Supreme Court, which are undoubtedly included under subdivision (c)' of section 466. Further, there are important considerations of policy for out-of-State enforcement of temporary orders.
In many States, including Florida and New York, the temporary order may be enforced and modified for a substantial period, with the final order long-deferred (see Burton v. Burton, 216 So. 2d 480 [4th Dist. Ct. of App., Fla., 1968]); the Florida temporary order in issue in the case at bar modified a temporary order issued 11 months before. And of course the respondent has the option of returning to the original jurisdiction for a final adjudication of any legal issue, such as the validity of his marriage to petitioner, or to move for a dismissal of the petition.
Further whether the order is temporary or final, this State is concerned with preventing the use by c ‘ absconding or delinquent husbands [of] this ¡State as a haven of refuge”. (See Maltz v. Maltz, 279 App. Div. 52, 55, supra.) Unless there is *870 out-of-State enforcement of orders, “ the insulated judicial systems of the several States may become sanctuaries within which obligations * * * adjudicated in another jurisdiction may be escaped.” (Light v. Light, 12 Ill. 2d 502, 510 [1958]). Indeed, since a temporary order is issued only if warranted by exigent circumstances, its enforcement is by definition a matter of urgency. See Note, Extra-State Enforcement of Temporary Alimony (47 Col. L. Rev. 279, 280) pointing out that the husband’s departure from the State after the entry of the temporary order and his nonpayment may deprive the wife of the means of further prosecuting her action (even for the purpose of securing a default final judgment). Further, recognition of the temporary order serves the objective of avoiding the relitigation of issues (see Sutton v. Leib, 342 U. S. 402, 407) — albeit there has not been in the original State a complete adjudication (see, note, 47 Col. L. Rev. 279, 282).
In sum, this court concludes that subdivision (c) of section 466 should be construed to cover temporary as well as final out-of-State orders. Since subdivision (c) of section 466 provides that the Family Court “may” entertain applications for enforcement or modification of out-of-State orders, this court can reject such applications for equitable reasons. Where as here, however, petitioner and respondent apparently were bona fide residents of Florida for at least a year before the issuance of the temporary order; respondent left Florida soon after its entry; and petitioner applied for its enforcement in the Family Court soon thereafter, the court should entertain the application. While petitioner has the option of proceeding under the Uniform Support of Dependents Law (see Domestic Relations Law, art. 3-A), which permits a wife to file a petition in one State for support by a husband in another, she may well find a regular adversary proceeding under subdivision (c) of section 466 with direct confrontation of respondent, a more effective remedy.
The motion to dismiss petition for enforcement of Florida temporary order is denied.

. The reference to temporary or final orders in subdivision (a) of section 466 seems intended to carry over into subdivision (e) of section 466.

. See note, Extra-State Enforcement of Temporary Alimony, 47 Col. L. Rev. 279; Kelly v. Kelly, 121 N. J. Eq. 361.

. See Seoles, Enforcement of Foreign “Non-Final” Alimony and Support Orders, 53 Col. L. Rev., 817, 819-820.

. Note Enforcement of Foreign Non-Final Alimony Decrees, 18 Vanderbilt L. Rev. 830, 831.