■ Marilyn S. Warner, Appellant, v. Richard F. Warner, Respondent. — Order unanimously reversed, with costs, and motion granted. Memorandum: The sole question before us in this appeal is whether the plaintiff is entitled to summary judgment against the defendant for accrued arrearage in support payments allegedly now due under a valid separation agreement between the parties. The trial court denied the motion for summary judgment. On January 22, 1962 the parties entered into a valid separation agreement which provided that defendant pay the sum of $600 monthly to the plaintiff for alimony and child support. It is conceded that the defendant has failed to pay a total of $26,248 which has become due under the agreement over the last six years. Defendant's moving papers do not dispute the validity of the agreement, the amount due thereunder, nor the plaintiff's allegation that during the preceding six years she did not know the whereabouts of the defendant. It is apparent that plaintiff was unable to contact the defendant until a few months before this action was commenced. The defendant, in an affirmative defense, relies upon a modification clause in the separation agreement even though he did not request a modification pursuant to said clause prior to this action, nor did he at any time give any notice of a need for such modification. Actions to enforce provisions of a separation agreement are subject to the same general principles of law as are actions to enforce other contracts. In *Davis* v. *Davis* (8 A D 2d 566) the court affirmed summary judgment for the plaintiff in an action for arrears in support payments, stating, "the amount alleged to be due under the agreement is not disputed, hence summary judgment was proper." In his amended answer defendant admitted each of the allegations in the complaint, since under CPLR 3018 all allegations not specifically denied are deemed admitted. It was held in *Toms* v. *Toms* (188 Misc. 451, affd. 272 App. Div. 789, app. den. 297 N. Y. 504) that the plaintiff has a vested right in accrued default payments where the defendant has slept on his rights. In *Stoddard* v. *Stoddard* (227 N. Y. 13, 17) the Court of Appeals used language that is particularly pertinent relative to the question before us when it stated, "Thus we come to the question already outlined whether the Supreme Court had jurisdiction to take hold of one of the provisions of this contract and determine the reasonable amount to be paid by one of the parties to the other and in that respect make a new agreement for them. We know of no principle and we have been cited to no authority which authorizes the court in this way in effect to write a clause in the contract for the parties." See, also, *Johnson* v. *Johnson* (206 N. Y. 561). Defendant having

failed to move to modify the agreement as provided therein and having "slept on his rights", no factual issue is presented. The order of Special Term should be reversed and plaintiff's motion for summary judgment granted. (Appeal from order of Onondaga Special Term in action on separation agreement.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.