■   In the Matter of SYDELL SCHAPIRO, Respondent, v JULES SCHAPIRO, Appellant.—In a proceeding pursuant to article 4 of the Family Court Act, the former husband appeals from an order of the Family Court, Nassau County, dated April 30, 1976, which dismissed his petition seeking to have his account adjusted based upon the parties' separation agreement, which had been incorporated, but not merged, in a foreign divorce decree. Order affirmed, with $50 costs and disbursements. Pursuant to the terms of a 1967 Mexican decree of divorce, the separation agreement executed by the parties was incorporated, but not merged, therein. The agreement provided that the petitioner-respondent be given $90 per week for her support, subject to successive reductions whenever her earnings or income from any other source equaled or exceeded $3,000 and that she furnish the appellant with written quarterly statements of her earnings and copies of her Federal income tax returns. In 1972 the parties commenced a series of applications and cross applications in Family Court for modification of the amount of support fixed in the Mexican decree. By orders dated July 5, 1972 and February 2, 1973, that court provided that the appellant pay his former wife $90 per week for her support. It appears from the incomplete records before us that, on March 20, 1974, the Family Court reduced the amount of support to $75 per week, established the arrears at $3,120, and ordered the

appellant to pay $15 per week on the arrears. On January 15, 1976 the court continued the March 20, 1974 order, established the arrears at $4,000 and directed the appellant to pay $1,000 on the arrears in installments over a period of nine months. On February 27, 1976 the appellant made the subject application for modification of the March 20, 1974 order. He alleged that he was entitled to an offset in payments whenever the petitioner's income exceeded $3,000 and that the petitioner had failed to furnish him with copies of her Federal tax returns for 1973, 1974 and 1975. He asked the court "to properly credit and adjust his account based upon the agreement in the divorce decree." The Family Court dismissed the petition. Where there is an existing valid separation agreement, adequate when made and not merged into the subsequent divorce decree, it is error for the Family Court to increase the amount payable to the wife for her support in the absence of proof that she is actually unable to support herself on the amount allowed and is in danger of becoming a public charge (Gardner v Gardner, 40 AD2d 153, affd 33 NY2d 899; McMains v McMains, 15 NY2d 283). However, the jurisdiction of the Family Court, under subdivision (c) of section 466 of the Family Court Act, is discretionary and that court can decide whether to entertain an application to enforce or modify a foreign decree (Matter of Chesta v Chesta, 74 Misc 2d 548, 552; Matter of Mollie B. v Maurice B., 74 Misc 2d 867, 870). In enacting subdivision (c) of section 466, the "legislative intention was merely to provide a quick remedy for a spouse who finds that the particular level of support then in effect under the foreign decree is no longer adequate" (Matter of Silver v Silver, 36 NY2d 324, 327). The parties have been continually before the Family Court since 1972. The entries of their applications and cross applications for modification and for violation of the support orders fill every line of both sides of two jackets of Family Court records. The appellant, an attorney, did not appeal from any of the orders. There is no indication in the record that, at any time prior to the subject application, he raised the issue that the payments provided in the orders were in excess of those provided in the decree or that he complained to the court that the petitioner had failed to furnish him with quarterly financial statements and copies of her tax returns. Under these circumstances, the Family Court may appropriately reject his application on equitable grounds (see Matter of Mollie B. v Maurice B., supra, p 870). We express no opinion as to the merits of his application and the refusal of the Family Court to entertain jurisdiction is no bar to appellant's right to maintain an appropriate action in the Supreme Court. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.