■ In the Matter of SHARALYND S. LEONTITSIS, Appellant, v DIMITRIOS LEONTITSIS, Respondent.—In a support proceeding pursuant to Domestic Relations Law article 3-A, the petitioner mother appeals from an order of the Family Court, Westchester County (Barone, J.), entered September 10, 1985, which granted the respondent father's motion to dismiss the proceedings.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced an action for a divorce and ancillary relief in the Supreme Court, Westchester County. Thereafter, the petitioner, who resides in Florida with the family's two children, commenced this proceeding under the Uniform Support of Dependents Law (Domestic Relations Law § 30 *et seq.)* in Florida on July 24, 1984, which proceeding was forwarded to the Family Court, Westchester County, pursuant to Domestic Relations Law § 37 on August 29, 1984. The proceedings therein were adjourned several times. Meanwhile, the petitioner sought pendente lite relief in the action for a divorce and ancillary relief, and on June 26, 1985, the Supreme Court (Martin, J.), granted her, *inter alia,* temporary maintenance and child support.

This proceeding was next returnable on July 24, 1985, at which time the respondent moved to dismiss the proceeding because the Supreme Court had issued the order, *inter alia,* granting temporary maintenance and child support. The Family Court granted that motion.

Domestic Relations Law article 3-A confers jurisdiction upon the Family Court, even where the Supreme Court has provided for support in a final judgment of divorce (Domestic Relations Law § 41; Family Ct Act § 411; *Lebedeff v Lebedeff,* 17 NY2d 557; *Matter of Minch v Minch,* 117 AD2d 737; *Lanum v Lanum,* 92 AD2d 912). However, when an action for divorce is pending, the Family Court may exercise its jurisdiction only in certain situations, such as where the Supreme Court refers an application for support to it (Family Ct Act § 464 [a]), or where the Supreme Court has not acted concerning support and the spouse is likely to need public assistance (Family Ct Act § 464 [b]). The Family Court may also hear an application to modify a Supreme Court order or judgment for support upon a subsequent change in circumstances or to enforce such an order or judgment, if the Supreme Court order or judgment so provides or is silent on the issue of the Family Court's jurisdiction (Family Ct Act § 466 [a], [c]). None

of these circumstances is involved here. Furthermore, in order to avoid unnecessary duplication of litigation in several forums *(see, e.g., McKay v McKay,* 82 Misc 2d 929, 931; *Matter of Hughes v Hughes,* 56 Misc 2d 781), the Family Court correctly deferred to the Supreme Court's exercise of jurisdiction. We have considered the reasoning of *Matter of Shinouda v Shinouda* (96 Misc 2d 290, 293) and decline to follow it. Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.