OPINION OF THE COURT
William P. Warren, J.
On June 20, 1989 petitions were filed in this court seeking *185 enforcement and modification of an order of April 28, 1988 made and entered by the Honorable Irving A. Green, Justice of the Supreme Court, in Matter of DeCarlo v De Carlo. The petitioner in both proceedings was the Department of Social Services on behalf of Eleanor DeCarlo. The matters appeared on the calendar before a Hearing Examiner of this court on July 31, 1989. By decision and order of that date, the Hearing Examiner dismissed both petitions. The petitioner Department of Social Services, by its attorney, files objections to that decision. No rebuttal to said objections was submitted by the respondent’s counsel.
The Hearing Examiner stated as follows: "Where, as here there is a pendente lite order in a pending matrimonial and no referral to Family Court, Family Court is without jurisdiction to entertain applications for support (FCA Section 464). Family Court Act Section 466 cited to the court, has been reviewed and is found not to be applicable to the case herein in that subdivision (a) requires a Supreme Court direction that only Family Court entertain the matter, which is not the case here; subdivision (b) involved Supreme Court expressly reserving jurisdiction, which is not the case here and subdivision (c) does not address temporary (pendente lite) orders.”
No case law was cited by the Hearing Examiner in support of his determination that Family Court Act § 466 (c) does not apply to temporary (pendente lite) orders. For reasons set forth below this court reverses the order of the Hearing Examiner.
The Appellate Division, Second Department, in Matter of Leontitsis v Leontitsis (128 AD2d 535) discussed the issue of when the Family Court may exercise jurisdiction while an action for divorce is pending. That court stated: "However, when an action for divorce is pending, the Family Court may exercise its jurisdiction only in certain situations, such as where the Supreme Court refers an application for support to it (Family Ct Act § 464 [a]), or where the Supreme Court has not acted concerning support and the spouse is likely to need public assistance (Family Ct Act § 464 [b]). The Family Court may also hear an application to modify a Supreme Court order or judgment for support upon a subsequent change in circumstances or to enforce such an order or judgment, if the Supreme Court order or judgment so provides or is silent on the issue of the Family Court’s jurisdiction (Family Ct Act § 466 [a], [c]).” (Matter of Leontitsis v Leontitsis, 128 AD2d 535, supra.)
*186 Although none of the circumstances cited by the appellate court were applicable in the Leontitsis case (supra), and, therefore, the court upheld the Family Court of Westchester County when it dismissed the proceeding, such circumstances are alleged in the instant proceeding.
These are proceedings to enforce and modify an order of the Supreme Court and that order is silent on the issue of the Family Court’s jurisdiction.
Family Court Act § 466 (c) provides as follows:
"(c) If the supreme court enters an order or decree granting alimony, maintenance or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under subdivision (a) or (b) of this section; or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support in any such action, the family court may
"(i) entertain an application to enforce the order or decree granting alimony or maintenance, or "(ii) entertain an application to modify the order or decree granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required.”
The language of the statute does not contain a modifier where the word "order” is used. Had the Legislature sought to limit the Family Court’s jurisdiction to only situations where permanent orders had been entered, it could have done so quite simply by having "permanent” precede "order”. It is clear that Family Court Act § 466 (c) applies to orders and the instant proceeding involves an order. To read into the statute something which the Legislature chose not to include would be legislation by the judiciary. Judges should not attempt to interpolate and fill in a statute what they believe the framers should have put in but did not.
"It is a general rule of construction that omissions in a statute cannot be supplied by construction; omissions are to be remedied by the Legislature, and not by the courts. Thus, a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact. More particularly, a court cannot, by implication, read or supply in a statute a provision which it is reasonable to suppose the Legislature *187 intentionally omitted.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 363.)
This court agrees with the reasoning of the Honorable Nanette Dembitz, Judge of the Family Court, in Matter of Mollie B. v Maurice B. (74 Misc 2d 867). In construing section 466 (c) she held as follows: "Subdivision (c) of section 466 of the Family Court Act authorized this court’s enforcement of an order or decree granting alimony made by a court of another State, without any explicit reference to the temporary or final nature of the order; and the context negates a legislative intent to limit this court’s authority to final orders.” (Matter of Mollie B. v Maurice B., 74 Misc 2d 867, supra.)
She goes on to state: "However, these arguments as to the status of a temporary order compared to a final one, no more apply to temporary orders of out-of-State courts than they do to those of the New York Supreme Court, which are undoubtedly included under subdivision (c) of section 466.” (Matter of Mollie B. v Maurice B., 74 Misc 2d 867, 869, supra.)
In her decision Judge Dembitz also makes reference to subdivision (a) of section 466. Subdivision (a) includes a reference to both permanent and temporary orders. She concludes that that reference would seem to be intended to carry over into subdivision (c) of section 466. This court agrees.
For all of the foregoing reasons, this court grants the objections of the petitioner and remands the proceedings to the Hearing Examiner for hearings on the enforcement and modification of the Supreme Court order. The parties and counsel are directed to appear before the Hearing Examiner on the 28th day of December 1989 at 9:00 a.m. for further proceedings.