■ In the Matter of TERESA CANCILLA, Appellant, v PETER CANCILLA, Respondent. [803 NYS2d 649]—

In a child support proceeding pursuant to Family Court Act article 4, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Lawrence, J.), dated October 8, 2003, as denied her objections to an order of the same court (Watson, S.M.), dated August 13, 2003, denying that branch of her petition which was to reimburse her for moneys allegedly expended for college expenses of the parties' daughter, Vanessa.

Ordered that the order is reversed, on the law, with costs, and

the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.

The stipulation dated August 28, 2000, settling the parties' action for divorce, which was incorporated into the judgment of divorce, obligated the father, inter alia, to pay $5,000 per year toward the college tuition and related expenses of their daughter, Vanessa, until she was 23 years of age, only after the funds maintained in an account for her under the Uniform Gift to Minors Act (hereinafter UGMA) for that purpose had been exhausted. The petitioner commenced this proceeding, among other things, to enforce that obligation.

The Support Magistrate denied that branch of the petition which was to reimburse the petitioner for monies allegedly expended for Vanessa's college expenses incurred after Vanessa's 21st birthday on the ground that the Family Court lacked jurisdiction. The Support Magistrate also determined that the father was not obligated for college expenses incurred before that time because under the parties' stipulation, the exhaustion of the funds in the UGMA account was a condition precedent to his obligation and the condition was not met at the time when the expenses were allegedly incurred.

The petitioner objected to the Support Magistrate's first order dated May 28, 2003, which, inter alia, directed her to "comply with the terms of the parties' stipulation . . . with regard to the UGMA account for payment of college costs." Subsequently, the Family Court remitted the matter to the Support Magistrate to clarify the order dated May 28, 2003. By order dated August 13, 2003, the Support Magistrate denied that branch of the petition which was to reimburse the petitioner for moneys she allegedly expended for Vanessa's college expenses on the ground that she failed to establish that she incurred any costs subject to reimbursement. By order dated October 8, 2003, the Family Court denied her objections. In findings of fact dated August 12, 2003, the Support Magistrate indicated, among other things, that the petitioner had filed objections "to her own settlement."

Although the obligation of a parent to support his or her child normally terminates when the child reaches the age of 21 years (*see* Family Ct Act § 413 [1]; Social Services Law § 101 [1]; *Bani-Esraili v Lerman*, 69 NY2d 807, 808 [1987]), a parent may voluntarily assume an obligation to support the child thereafter (*see Genther v Genther*, 180 AD2d 662, 663 [1992]; *Hirsch v Hirsch*, 142 AD2d 138, 140 [1988]). When a parent does so and the obligation is incorporated into an order or judgment, as is the case here, the Family Court may enforce the obligation (*see*

Family Ct Act § 443; *Matter of Weber v Weber*, 51 Misc 2d 1042, 1044-1045 [1966]; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413, at 83). Thus, contrary to the determination of the Support Magistrate, the Family Court had jurisdiction over that branch of the petition which was to reimburse the petitioner for college expenses incurred after Vanessa's 21st birthday.

Further, the Support Magistrate, in effect, found that the petitioner's failure to exhaust the UGMA account prior to Vanessa's 21st birthday was due to her agreement, at the father's behest, that she not liquidate that account until the value of the stock comprising it recovered from certain losses. In light of this fact, which the father did not refute, the Support Magistrate should not have determined that the petitioner's failure to satisfy the condition precedent to the father's obligation by exhausting the UGMA account precluded her from seeking to enforce the father's obligation to share the additional costs she incurred for college expenses. Since the petitioner was effectively foreclosed by the Support Magistrate's determinations from introducing evidence necessary to support her claim for college expenses, she is entitled to a new hearing at which she can present her evidence. Krausman, J.P., Spolzino, Fisher and Lifson, JJ., concur.