464

■ In the Matter of ROBERT HAUSMAN, Appellant, v ALITA HAUSMAN, Respondent. [810 NYS2d 516]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Weinstein, J.), dated June 14, 2004, which denied his objections to an amended order of the same court (Fasone, S.M.), dated January 2, 2004, inter alia, granting the mother's motion for an award of child support arrears and an attorney's fee, setting child support arrears in the sum of $74,029.25, and awarding the mother an attorney's fee in the sum of $8,803.97.

Ordered that the order is affirmed, with costs.

The mother's motion was a proper vehicle for seeking a hearing to enforce the support provision of the parties' judgment of divorce (see Family Ct Act § 165; CPLR 2214, 2215; 22 NYCRR 205.11 [b]; see generally Matter of Cancilla v Cancilla, 22 AD3d 490, 491-492 [2005]; cf. Matter of Helen B. v Joseph D.S., 3 Misc 3d 621 [2004]; Family Ct Act § 443). The motion was properly served upon the father, as required by an order of the Family Court, Kings County, dated June 20, 2001, by first-class mail to the father's last known address (see CPLR 2103 [c]).

The father's contention that the Family Court had no jurisdiction over the subject matter of the mother's motion is without merit. Unless the Supreme Court expressly retains exclusive jurisdiction to enforce the terms of a judgment of divorce, the support provisions of the judgment may be enforced in the Family Court as well (see Family Ct Act § 466 [c]; Matter of Leontitsis v Leontitsis, 128 AD2d 535 [1987]). Because the judgment of divorce in this case did not limit enforcement jurisdiction to the Supreme Court, there was no bar to the Family Court's exercise of jurisdiction over the mother's motion to enforce the support provisions of the judgment.

The father's remaining contentions are without merit or need not be reached in light of our determination. Adams, J.P., Ritter, Santucci and Spolzino, JJ., concur.