*535 The parties were married on January 11, 1987, and have two children, born October 26, 1990, and May 18, 1993, respectively. The instant action for divorce was commenced on September 4, 2007. In a pendente lite order dated June 24, 2008, the Supreme Court directed the plaintiff to pay the monthly carrying charges on the marital residence consisting, inter alia, of mortgage payments.
The judgment appealed from directed the plaintiff to pay the sum of $436.19 per week in child support computed pursuant to the Child Support Standards Act (hereinafter CSSA) (see Domestic Relations Law § 240 [1-b] [b] [3]), plus 63.41% of future unreimbursed health care expenses, and 65% of certain educational expenses, commencing January 1, 2010. That judgment also directed the plaintiff to continue to pay carrying charges on the marital residence occupied by the defendant and the children until entry of the judgment of divorce, and directed the plaintiff to pay the defendant maintenance in the sums of $1,000 per month for two years after entry of the judgment of divorce, and $500 per month in the third year following entry of the judgment of divorce. The judgment of divorce was entered on January 11, 2011. Therefore, because of the delay in entering the judgment of divorce, the plaintiff’s obligation to pay child support pursuant to that judgment, in addition to obligations pursuant to the pendente lite order, were continued for one year beyond the entry of the judgment.
Both parties acknowledge that the award of basic child sup *536 port was excessive. The defendant correctly observes that the Supreme Court improperly included the children’s social security benefits in computing the plaintiffs income (see Matter of Graby v Graby, 87 NY2d 605 [1996]; Matter of Vrooman v Vrooman, 244 AD2d 122 [1998]). The plaintiff contends that it may have been proper to direct payment of maintenance and child support determined after trial, commencing January 1, 2010; however, he asserts that the court improperly directed him to pay the carrying charges on the marital residence, including mortgage payments, until the divorce judgment was entered, while simultaneously directing him to pay child support computed pursuant to the CSSA commencing on January 1, 2010.
The Supreme Court’s directive that the plaintiff pay child support pursuant to the CSSA and the mortgage on the marital residence for the same period of time erroneously granted the children a double shelter allowance (see Lauria v Lauria, 45 AD3d 535 [2007]; Curatola v Curatola, 43 AD3d 974, 976 [2007]; Krantz v Krantz, 175 AD2d 865 [1991]). Further, in calculating the plaintiff’s child support obligation, which commenced on January 1, 2010, the Supreme Court deducted maintenance from the plaintiffs income notwithstanding that the plaintiffs obligation to pay maintenance only commenced on January 11, 2011, when the judgment of divorce was entered. Since the court erroneously deducted maintenance from the plaintiffs income in determining child support commencing January 1, 2010, it appears that the court contemplated that the judgment would be entered, and the maintenance obligation would commence, shortly after January 1, 2010. The one-year delay in entering the judgment, until January 11, 2011, extended the plaintiffs support obligations for an additional year.
In view of the foregoing, the plaintiffs obligation to pay maintenance for three years should have commenced on January 1, 2010, and his obligations pursuant to the pendente lite order should have terminated on January 1, 2010. We modify the judgment accordingly.
Further, basic child support pursuant to the CSSA must be recalculated. The plaintiff’s pro rata share of unreimbursed health care expenses also must be recalculated, since it was directly connected to the basic child support calculation and based upon the plaintiffs share of combined parental income (see Domestic Relations Law § 240 [1-b] [c] [5]; Baranek v Baranek, 54 AD3d 789, 791 [2008]). Therefore, we remit the matter to the Supreme Court, Suffolk County, for new determinations of basic child support pursuant to the CSSA and the *537 plaintiffs pro rata share of unreimbursed health care expenses in accordance herewith.
Educational expenses may be awarded based upon “the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires” (Domestic Relations Law § 240 [1-b] [c] [7]; see Matter of Williams v Rodriguez, 66 AD3d 914, 915 [2009]; Cimons v Cimons, 53 AD3d 125, 131 [2008]). Under the circumstances of this case, the provisions of the judgment directing the plaintiff to pay 65% of certain educational expenses of the children was a provident exercise of discretion.
Considering the long-term marriage of the parties (see Brough v Brough, 285 AD2d 913, 915 [2001]), the predivorce standard of living (see Hartog v Hartog, 85 NY2d 36, 50 [1995]), the present and future earnings capacities of the parties, and the ability of the defendant to become self-supporting (see Duffy v Duffy, 84 AD3d 1151, 1153 [2011]), the award of maintenance was proper. However, the Supreme Court should have directed that, in the event that either party dies or the defendant remarries during the period when the plaintiff was obligated to pay maintenance, that obligation would terminate (see Domestic Relations Law § 236 [B] [1] [a]; Haines v Haines, 44 AD3d 901, 903 [2007]).
An issue at the nonjury trial was whether the plaintiffs award for pain and suffering, which he received during the marriage in a personal injury action, constituted marital property. The judgment appealed from awarded the defendant the sum of $63,436.49, representing 25% of the funds remaining from that award maintained in a jointly held account.
At the time the plaintiff received the award for personal injuries, that award constituted separate property (see Domestic Relations Law § 236 [B] [1] [d] [2]; Howe v Howe, 68 AD3d 38, 40 [2009]). However, the plaintiff deposited that separate property into a jointly held investment account, creating a presumption that those funds constituted marital property (see Renga v Renga, 86 AD3d 632, 634 [2011]). Although that presumption is rebuttable (see id.), and a depositor may create a joint account with the right of survivorship “without necessarily transferring a present beneficial interest in the funds in the account” (Wacikowski v Wacikowski, 93 AD2d 885, 885 [1983]), here, the plaintiff used money in the account to pay marital expenses. Thus, those funds did not retain their character as separate property (see Crescimanno v Crescimanno, 33 AD3d 649 [2006]). Accordingly, the weight of the credible evidence adduced at trial supports the Supreme Court’s conclusion that the plaintiff failed *538 to rebut the presumption that the subject funds were marital property.
The plaintiffs remaining contentions are without merit (see Domestic Relations Law § 237 [a]; Riley v Coughtry, 13 AD3d 703 [2004]). Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.