■ JILL GOLDBERG, Respondent, v JEFFREY A. GOLDBERG, Appellant. [950 NYS2d 578]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Janowitz, J.), dated March 18, 2011, and (2), as limited by his brief, from so much of an amended order of ths same court dated April 13, 2011, as granted the plaintiff's motion for pendente lite relief to the extent of directing him to pay (a) temporary maintenance in the sum of $10,783.33 per month, nontaxable to the plaintiff, (b) child care expenses in the sum of $676 per month, (c) 100% of the past due and future unreimbursed medical expenses of the plaintiff and the parties' children, (d) 50% of the carrying charges for the marital residence, (e) 50% of the expenses related to a Honda Odyssey automobile, (f) 100% of the car payment, insurance, registration, and repair expenses related to a Mercedes Benz automobile, and (g) interim counsel fees in the sum of $30,000.

Ordered that the appeal from the order dated March 18, 2011, is dismissed, without costs or disbursements, as that order was superseded by the amended order dated April 13, 2011; and it is further,

Ordered that the appeal from so much of the amended order dated April 13, 2011, as directed the defendant to pay (a) temporary maintenance in the sum of $10,783.33 per month, nontaxable to the plaintiff, (b) child care expenses in the sum of $676 per month, (c) 100% of the past due and future unreimbursed medical expenses of the plaintiff, (d) 50% of the carrying charges for the marital residence, and (e) 100% of the car payment, registration, and repair expenses related to a Mercedes Benz automobile is dismissed, without costs or disbursements, as the appeal from those portions of that order has been rendered academic in light of a subsequent order of the Supreme Court, Nassau County, dated March 12, 2012; and it is further,

Ordered that the amended order dated April 13, 2011, is modified, on the law, by deleting the provision thereof directing the defendant to pay 100% of the past due and future unreimbursed medical expenses of the parties' children; as so modified, the amended order is affirmed insofar as reviewed, without costs or

disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The parties married in 2000 and have three children. The plaintiff is a high school guidance counselor and earns a yearly income of approximately $103,000. At the time this action was commenced, the defendant was an investment banker with a yearly income of approximately $500,000, of which approximately $220,000 was a fixed income and the remainder was a bonus. The plaintiff commenced this action for a divorce and ancillary relief on or about October 13, 2010, and subsequently moved for pendente lite relief, including payment of temporary maintenance, child care expenses, past due and future unreimbursed medical expenses of the plaintiff and the children, carrying charges for the marital residence, expenses related to a Honda Odyssey automobile and a Mercedes Benz automobile, and interim counsel fees.

Contrary to the defendant's contention, the plaintiff is the less monied spouse, and the Supreme Court providently exercised its discretion in directing him to pay interim counsel fees to the plaintiff's counsel in the sum of $30,000 (see Domestic Relations Law § 237).

However, the Supreme Court erred in directing the defendant to pay 100% of the past due and future unreimbursed medical expenses of the children. The obligation for children's unreimbursed medical expenses is to be prorated in the same proportion as each parent's income is to the combined parental income (see Domestic Relations Law § 240 [1-b] [c] [5] [v]). Accordingly, we modify the amended order by deleting the provision thereof directing the defendant to pay 100% of the past due and future unreimbursed medical expenses of the children, and remit the matter for a calculation of the parties' respective pro rata obligations with regard to these expenses.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.