THOMAS HEYMANN, Respondent, v GRACIELA HEYMANN, Appellant. [958 NYS2d 448]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated May 19, 2011, as, upon a decision of the same court dated Feb-

ruary 18, 2011, made after a nonjury trial, failed to direct the plaintiff to pay her an equal share of all monthly distributions from the plaintiff's deferred compensation account retroactive to the date of commencement of the action, failed to equitably distribute certain marital assets which she claimed were wastefully dissipated by the plaintiff, failed to award her maintenance, failed to calculate the plaintiff's child support obligation based upon the combined parental income in excess of $130,000, and failed to award her an attorney's fee.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by (1) adding a provision thereto directing the plaintiff to pay the defendant an equal share of all monthly distributions from the plaintiff's deferred compensation account retroactive to the date of the commencement of the action, and (2) deleting the provision thereof awarding child support based only upon the first $130,000 of combined parental income; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of child support based upon total combined parental income, and a determination of any arrears, and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that pending the new award of child support, the plaintiff shall pay the defendant child support in the sum of $2,026 per month for the support of their youngest child.

Upon the commencement of this divorce action, the marital partnership ceased for the purposes of equitable distribution of property (see Anglin v Anglin, 80 NY2d 553, 557 [1992]). Upon the termination of the marital partnership, the plaintiff could use marital property to satisfy joint familial obligations such as educational expenses of the children incurred during the pendency of the action (see Weintraub v Weintraub, 79 AD3d 856, 857 [2010]; Raynor v Raynor, 68 AD3d 835, 838 [2009]). However, in his trial testimony, the plaintiff admitted that he used the distributions from his deferred compensation account to pay his share of expenses which the parties agreed to split evenly, as well as to pay his obligations pursuant to a pendente lite order dated April 12, 2010, which directed him to pay the defendant child support of $3,000 per month, retroactive to December 2009, plus an attorney's fee in the sum of $15,000. Since those obligations were the sole obligations of the plaintiff, his use of marital funds to make those payments was improper, and the defendant is entitled to her equitable share of those funds, to wit, 50% (see Many v Many, 84 AD3d 1036, 1037

[2011]; *Le v Le*, 82 AD3d 845, 846 [2011]; *Epstein v Messner*, 73 AD3d 843, 845 *[2010]; Azizo v Azizo, 51 AD3d* 438 [2008]). Accordingly, the defendant is entitled to 50% of all distributions from the deferred compensation account, retroactive to the date of the commencement of this action. However, the Supreme Court properly concluded that the defendant failed to meet her burden of proving by a preponderance of the evidence that the plaintiff committed wasteful dissipation of other marital assets, including certain joint accounts (*see Raynor v Raynor*, 68 AD3d at 838).

The amount and *duration* of maintenance is a matter committed to the sound discretion of the trial court and each case must be determined on its unique facts (*see Carr-Harris v Carr-Harris*, 98 AD3d 548, 551 [2012]; *Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]). The factors to consider in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995], citing Domestic Relations Law § 236 [B] [6] [a]; *see Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]). In light of the defendant's earning capacity and the distribution of marital property, we decline to disturb the Supreme Court's determination denying the defendant maintenance (*see Carr-Harris v Carr-Harris*, 98 AD3d 548, 552 [2012]; *Haagen-Islami v Islami*, 96 AD3d 1004 [2012]; *Scher v Scher*, 91 AD3d 842, 848 [2012]).

It is undisputed that the parties enjoyed a high standard of living during the marriage, which they could no longer afford after the plaintiff lost his high-paying position. At the time of the trial, the plaintiff was employed again, although at a lesser salary. The marital standard of living and the pendente lite child support award of $3,000 per month was relevant to what would constitute a just and appropriate child support award (*see Holterman v Holterman*, 3 NY3d 1, 10 [2004]; *Lago v Adrion*, 93 AD3d 697 [2012]). There was no basis under these circumstances to limit the child support award to the statutory cap of the first $130,000 of combined parental income. In view of the standard of living enjoyed by the children during the marriage, and the earnings and assets of the parties, we deem it appropriate that the child support award be based upon total combined parental income.

We decline to disturb the Supreme Court's determination that the defendant was not entitled to an attorney's fee. In light of the substantial distributive award in her favor, she is capable of paying for her own attorney (see Scher v Scher, 91 AD3d at 848; Celauro v Celauro, 295 AD2d 388, 389 [2002]; cf. Levy v Levy, 4 AD3d 398, 398 [2004]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.