■ In the Matter of GARY M. KIERNAN, Respondent, v HANORA MARTIN, Appellant. [970 NYS2d 69]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals (1), as limited by her brief, from so much

an order of the Family Court, Putnam County (Rooney, J.), dated June 12, 2012, as, after a hearing, denied her objections to so much of an order of the same court (Kaufman, S.M.), dated March 23, 2012, as directed her to pay the father the principal sum of $28,210.02 in arrears for college expenses and to pay for 67% of the subject children's future college expenses, and (2) from an order of the same court (Rooney, J.) dated September 5, 2012, which denied her objections to an order of the same court (Kaufman, S.M.) dated June 22, 2012, which granted the father's motion for an award of an attorney's fee and awarded the father an attorney's fee in the principal sum of $14,500.

Ordered that the order dated June 12, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the mother's objections to so much of the order dated March 23, 2012, as directed her to pay the father the principal sum of $28,210.02 in arrears for college expenses and to pay for 67% of the subject children's future college expenses are granted, those provisions of the order dated March 23, 2012, are vacated, and the matter is remitted to the Family Court, Putnam County, for a new determination of the parties' respective obligations to pay college expenses following a report from the Support Magistrate on the amount of money the father received from his family members for the subject children's college expenses; and it is further,

Ordered that the order dated September 5, 2012, is affirmed, without costs or disbursements.

In determining a parent's child support obligation, a court need not rely upon a party's own account of his or her finances, but may impute income on the basis of the party's past income or earning capacity (*see Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *Calciano v Calciano*, 45 AD3d 515, 516 [2007]; *Matter of Moran v Grillo*, 44 AD3d 859, 861 [2007]), or on the basis of "money, goods, or services provided by relatives and friends" (Family Ct Act § 413 [1] [b] [5] [iv] [D]; *see Matter of Simmons v Simmons*, 48 AD3d 691, 692 [2008]). "A Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), and we accord deference to a support magistrate's credibility determinations (*see Matter of Ross v Ross*, 90 AD3d 669, 669 [2011]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011]). However, "a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (*Matter of Ambrose v Felice*, 45 AD3d 581, 582 [2007]).

While the record supports the conclusion that the mother should share in the college expenses of the subject children, the Support Magistrate improvidently exercised her discretion by failing to impute additional income to the father for money he received from his family for the subject children's college expenses. The father's testimony established that the funds he received from his family to pay for the subject children's college expenses were not loans that he was obligated to repay. Thus, the mother's objections to so much of the order dated March 23, 2012, as directed her to pay the father the principal sum of $28,210.02 in arrears for college expenses and to pay for 67% of the subject children's future college expenses should have been granted, and the matter must be remitted to the Family Court, Putnam County, for a new determination of the parties' respective obligations to pay college expenses following a report from the Support Magistrate on the amount of money the father received from his family members for the subject children's college expenses.

The award of an attorney's fee to the father did not constitute an improvident exercise of discretion in light of the parties' financial circumstances and the other evidence in the record (see *Matter of Feng Lucy Luo v Yang*, 104 AD3d 852 [2013]; *Matter of Tuglu v Crowley*, 96 AD3d 862, 863 [2012]; *Matter of Burris v Burris*, 91 AD3d 866, 866-867 [2012]).

Motion by the respondent on appeals from two orders of the Family Court, Putnam County, dated June 12, 2012, and September 5, 2012, respectively, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated February 7, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the motion is granted, and the portions of the appellant's brief which refer to matter dehors the record are stricken and have not been considered in the determination of the appeals. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.