In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Nassau County (Cahn, S.M.), dated December 20, 2012, which, after a hearing, directed the mother to pay child support in the sum of only $25 per month, and (2) an order of the same court (Singer, J.), dated March 14, 2013, which denied his objections to the order dated December 20, 2012.
Ordered that the appeal from the order dated December 20, 2012, is dismissed, without costs or disbursements, as that or *868 der was superseded by the order dated March 14, 2013; and it is further,
Ordered that the order dated March 14, 2013, is affirmed, without costs or disbursements.
“A Support Magistrate has considerable discretion in determining whether to impute income to a parent” (Matter of Mongelluzzo v Sondgeroth, 95 AD3d 1332, 1333 [2012]; see Matter of Kiernan v Martin, 108 AD3d 767, 768 [2013]; Matter of Oshodi v Olouwo, 94 AD3d 896 [2012]). The Support Magistrate, “ ‘is in the best position to assess the credibility of the witnesses’ ” (Matter of Ennis v Pina, 78 AD3d 830, 830-831 [2010], quoting Matter of Tsarova v Tsarov, 59 AD3d 632, 633 [2009]; see Matter of Kiernan v Martin, 108 AD3d at 768; Matter of Musarra v Musarra, 28 AD3d 668, 669 [2006]). “However, ‘a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion’ ” (Matter of Kiernan v Martin, 108 AD3d at 768, quoting Matter of Ambrose v Felice, 45 AD3d 581, 582 [2007]).
Here, contrary to the father’s contention, the Support Magistrate did not improvidently exercise her discretion in declining to impute additional income to the mother. The findings regarding the mother’s income were based on an assessment of her credibility, and are supported by the record (see Matter of Kennedy v Ventimiglia, 73 AD3d 1066 [2010]; Matter of Cordero v Olivera, 40 AD3d 852 [2007]; Matter of Saren v Palma, 3 AD3d 572 [2004]). The father’s remaining contention is without merit. Accordingly, the Family Court properly denied the father’s objections to the Support Magistrate’s order.
Skelos, J.E, Lott, Roman and Cohen, JJ., concur.