■ In the Matter of EILEEN MARY LOVELESS, Appellant, v ROBERT MICHAEL GOLDBLOOM, Respondent. [35 NYS3d 456]—

Appeals from (1) an order of the Family Court, Westchester County (Allen Hochberg, S.M.), dated April 15, 2015, and (2) an order of that court (Kathie E. Davidson, J.), dated September 25, 2015. The order dated April 15, 2015, denied, without a hearing, the mother's petition for an upward modification of the father's child support obligation. The order dated September 25, 2015, denied the mother's objections to the order dated April 15, 2015, and to a separate order of that court (Allen Hochberg, S.M.), also dated April 15, 2015, which dismissed the mother's petition alleging that the father violated the child support provisions of the parties' separation agreement.

Ordered that the appeal from the order dated April 15, 2015, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 25, 2015; and it is further,

Ordered that the order dated September 25, 2015, is affirmed, without costs or disbursements.

The parties were divorced by a judgment dated December 24, 2001, which incorporated, but did not merge, a separation agreement between the parties dated April 2, 2000. The separation agreement was thereafter modified by a stipulation of the parties, so-ordered on August 26, 2010. In pertinent part, the separation agreement, as modified, required the father to pay $3,125 per month in child support for the two children of the marriage. The mother was to maintain health insurance coverage for the children, the father was to pay 100% of their college expenses, and certain other expenses were to be split by the parties. Upon either child attending an out-of-town college, the father's child support obligation was to be reduced.

In 2013 and 2014, a hearing was held on certain petitions filed by the parties, including a petition by the mother to modify the father's support obligation so as to require him to pay a portion of the children's health insurance premiums. In an order dated October 20, 2014, the Support Magistrate denied that petition. In a separate order dated October 20, 2014, the Support Magistrate directed that, in accordance with the terms of the parties' separation agreement and judgment of divorce, neither party was to file for further accounting relief until the issues they intended to present had been fully submitted to and determined by a third-party mediator or arbitrator. The mother filed objections to the orders dated October 20,

2014, and the Family Court denied the objections in an order dated December 6, 2014.

On January 20, 2015, the mother filed the two petitions at issue on these appeals—a petition again seeking to modify the father's support obligation so as to require him to pay a portion of the children's health insurance premiums, and a violation petition alleging, without supporting allegations, that the father had failed to pay child support as ordered. In an order dated April 15, 2015, the Support Magistrate denied the modification petition, without a hearing, on the ground that the mother had failed to allege that there had been a change in circumstances warranting a hearing since the denial of her previous request for the same relief. In a separate order, also dated April 15, 2015, the Support Magistrate dismissed the violation petition as insufficient, as it did not contain any supporting allegations, and in violation of the order to submit claims for accounting relief to a third-party mediator or arbitrator. The mother filed objections to the Support Magistrate's orders, and attached to the objections copies of emails between the parties in an attempt to demonstrate that the father had refused to attend mediation on certain issues. The Family Court denied the mother's objections, and the mother appeals.

The Family Court properly denied the mother's objections to the Support Magistrate's denial, without a hearing, of her petition to modify the father's support obligation so as to require him to pay a portion of the children's health insurance premiums. The mother's previous petition seeking that relief was denied by the Support Magistrate in an order dated October 20, 2014, and her objections to that order were denied. The court properly determined that the mother failed to establish, prima facie, any change in circumstances warranting a hearing since the denial of her previous request for the same relief (*see* Family Ct Act § 451 [3] [a]; *Matter of Lagani v Li*, 131 AD3d 1246, 1248 [2015]).

The Family Court also properly denied the mother's objections to the dismissal of her violation petition, since the petition did not contain any supporting allegations, and since it was submitted in violation of the order to submit claims for accounting relief to a third-party mediator or arbitrator. The court properly refused to consider the emails the mother submitted with her objections since new evidence may not be submitted in support of objections (*see Matter of Korosh v Korosh*, 99 AD3d 909 [2012]; *Matter of Carene S. v Kendall S.*, 96 AD3d 767 [2012]; *Matter of Lahrs v Lahrs*, 158 AD2d 944 [1990]). Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.