DiLascio v DiLascio (2019 NY Slip Op 01742)





DiLascio v DiLascio


2019 NY Slip Op 01742


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-08469
 (Index No. 202614/12)

[*1]Rosemary DiLascio, appellant,
v
Stephen J. DiLascio, respondent.


Glenn S. Koopersmith, Garden City, NY, for appellant.
Del Vecchio & Recine, LLP, Garden City, NY (Phyllis Recine and Steve Del Vecchio of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered June 27, 2016. The judgment, insofar as appealed from, upon decisions of the same court dated October 7, 2015, and December 9, 2015, respectively, made after a nonjury trial, inter alia, (1) awarded the plaintiff maintenance in the sum of only $140,000 per year until the earliest of May 1, 2022, the death of either party, or the plaintiff's remarriage, (2) directed the defendant to pay maintenance and child support commencing on the first day of the first month following the entry of the judgment and declined to make the award of maintenance and child support retroactive to the commencement of the action, (3) directed the defendant to maintain life insurance in the sum of only $500,000, naming the plaintiff as the beneficiary for as long as he was obligated to pay maintenance or child support, and (4) gave a credit to the defendant in the sum of $53,758.25 for the plaintiff's withdrawals from the parties' joint Merrill Lynch account, and equally divided the remainder of the account between the parties as of the date of trial.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay maintenance and child support commencing on the first day of the first month following the entry of the judgment, and substituting therefor a provision directing the defendant to pay maintenance and child support retroactive to September 19, 2012, (2) by deleting the provision thereof directing the defendant to pay maintenance until the earliest of May 1, 2022, the death of either party, or the plaintiff's remarriage, and substituting therefor a provision directing the defendant to pay maintenance until the earliest of the plaintiff reaching the age of 62, the death of either party, or the plaintiff's remarriage, (3) by adding a provision thereto directing the defendant to pay the plaintiff's health insurance for the same duration as the defendant's maintenance obligation, and (4) by deleting the provision thereof directing the defendant to maintain life insurance in the sum of $500,000, naming the plaintiff as the beneficiary for as long as he was obligated to pay maintenance or child support, and substituting therefor a provision directing the defendant to maintain a declining term policy of life insurance for the benefit of the plaintiff, until payment of child support, maintenance, and health insurance is completed, in an amount sufficient to secure those obligations; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for a calculation of the amount of retroactive maintenance and child support arrears from September 19, 2012, giving the defendant appropriate credit for the actual amount of the carrying charges on the marital home and expenses paid by the defendant pursuant to the pendente lite order, and taking into account any pendente lite maintenance and child support paid by the defendant during the pendency of the action, and to determine an appropriate amount of life insurance with death benefits adequate to secure the payment of the maintenance, child support, and health insurance for as long as the defendant is obligated to pay maintenance, child support, and health insurance, and for the entry of an appropriate amended judgment thereafter.
The parties were married in 1997 and have two children, a son, who resides with the plaintiff, and a daughter, who resides with the defendant. The son became severely disabled at the age of five, and he has required constant, round-the-clock care. He attends school with a private duty nurse, and has had nursing care for most of the time he has spent at home. That care is paid for by Medicare and supplemented by both parents for any gaps in coverage.
Prior to their marriage, the parties signed a prenuptial agreement in which they agreed that property already held, or to be acquired, in a spouse's individual name would remain his or her separate property. The defendant had a highly lucrative career in the financial industry, and the plaintiff last worked as an ultrasound technician before the marriage.
On September 19, 2012, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, the Supreme Court, inter alia, (1) awarded the plaintiff maintenance in the sum of only $140,000 per year until the earliest of May 1, 2022, the death of either party, or the plaintiff's remarriage, (2) directed the defendant to pay maintenance and child support commencing on the first day of the first month following the entry of the judgment and declined to make the award of maintenance and child support retroactive to the commencement of the action, (3) directed the defendant to maintain life insurance in the sum of only $500,000, naming the plaintiff as the beneficiary for as long as the defendant was obligated to pay maintenance or child support, and (4) gave a credit to the defendant in the sum of $53,758.25 for the plaintiff's withdrawals from the parties' joint Merrill Lynch account, and equally divided the remainder of the account between the parties as of the date of trial. The plaintiff appeals from those portions of the judgment, as well as from the court's refusal to admit into evidence a videotape of the parties' son.
Upon the commencement of a divorce action, the marital partnership ceases for the purposes of equitable distribution of property (see Anglin v Anglin, 80 NY2d 553, 557; Heymann v Heymann, 102 AD3d 832, 833). Although, upon the termination of the marital partnership, a spouse may use marital property to satisfy joint familial obligations (see Heymann v Heymann, 102 AD3d at 833; Raynor v Raynor, 68 AD3d 835, 838; cf. Weintraub v Weintraub, 79 AD3d 856, 857), one spouse is accountable to the other spouse for use of marital property to satisfy individual obligations (see Heymann v Heymann, 102 AD3d at 833-834). Here, we agree with the Supreme Court's determination to hold the parties accountable for the funds they withdrew from their joint account for their separate obligations after the commencement of the action. Moreover, we agree with the court's determination that the remaining funds that the defendant withdrew were used to pay the parties' joint obligations (see id., at 833; Raynor v Raynor, 68 AD3d at 838).
" [T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts'" (Castello v Castello, 144 AD3d 723, 726, quoting Wortman v Wortman, 11 AD3d 604, 606; see Fenech v Fenech, 141 AD3d 683, 685). " [F]actors to be considered in [the determination of] a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties'" (Castello v Castello, 144 AD3d at 726, quoting Gordon v Gordon, 113 AD3d 654, 654-655; see Domestic Relations Law former § 236[B][6][a]). Another factor considered in a marriage of long duration is whether the party [*2]seeking maintenance was the primary homemaker and caregiver for the parties' children during the marriage (see Castello v Castello, 144 AD3d at 726). The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting (see id.).
Here, we agree with the Supreme Court's determination, upon its consideration of all of the factors set forth in Domestic Relations Law former § 236(B)(6)(a), that, notwithstanding the plaintiff's care of their disabled son, an award of lifetime maintenance was not appropriate. Nevertheless, the court improvidently exercised its discretion in awarding the plaintiff maintenance only until May 1, 2022. Given all of the relevant factors, the award of durational maintenance until the plaintiff reaches the earliest of age 62 would more realistically provide the plaintiff a sufficient opportunity to become self-supporting (see Papakonstantis v Papakonstantis, 163 AD3d 839, 840-841; cf. Gorman v Gorman, 165 AD3d 1067; Castello v Castello, 144 AD3d at 726; Diaz v Diaz, 129 AD3d 658, 659).
The Supreme Court should not have directed the defendant to pay maintenance and child support commencing on the first day of the first month following the entry of the judgment. A party's maintenance and child support obligations commence, and are retroactive to, the date the applications for maintenance and child support were first made, which, in this case, was September 19, 2012 (see Domestic Relations Law § 236[B][6][a], [7][a]; Schack v Schack, 128 AD3d 941, 943; Levitt v Levitt, 97 AD3d 543, 545). However, the defendant is entitled to a credit for the payments he made pursuant to the pendente lite award for temporary maintenance and child support, as well as for the carrying charges on the marital home, leases for the family's vehicles, and for the extracurricular expenses for the children (see D'Iorio v D'Iorio, 135 AD3d 693, 698; Skladanek v Skladanek, 60 AD3d 1035, 1037; Grasso v Grasso, 47 AD3d 762, 764). Consequently, we remit the matter to the Supreme Court, Nassau County, for further proceedings, including a hearing if warranted, to calculate the amount of retroactive maintenance and child support arrears from September 19, 2012, giving the defendant appropriate credit for the actual amount of the carrying charges on the marital home and expenses paid by the defendant pursuant to the pendente lite order, and taking into account any pendente lite maintenance and child support paid by the defendant during the pendency of the action (see Schack v Schack, 128 AD3d at 943-944; Levitt v Levitt, 97 AD3d at 545). Further, in light of all of the circumstances of this case, the defendant should be directed to pay the plaintiff's health insurance costs during the period the defendant is obligated to pay maintenance (see Gorman v Gorman, 165 AD3d 1067; Genatowski v Genatowski, 43 AD3d 1105, 1106; Kammerer v Kammerer, 38 AD3d 846, 847; cf. Kelly v Kelly, 69 AD3d 577, 579).
A party's obligation to pay maintenance and child support terminates upon that party's death (see Domestic Relations Law § 236 [B][1][a]; [5-a][g]; [6][f][3]; Mayer v Mayer, 142 AD3d 691, 695-696). The death of a payor spouse, however, may cause financial injury to a former spouse or children who, but for the payor spouse's death, would have continued to receive maintenance, a distributive award, or child support. Accordingly, the legislature has provided that a court may require a payor spouse to maintain life insurance to prevent that financial injury (see Domestic Relations Law § 236[B][8][a]; Mayer v Mayer, 142 AD3d at 696). Thus, where life insurance is appropriate, it should be set in an amount sufficient to achieve that purpose (see Hartog v Hartog, 85 NY2d 36, 50; D'Iorio v D'Iorio, 135 AD3d at 697). Accordingly, we remit the matter to the Supreme Court, Nassau County, to determine an appropriate amount of life insurance with death benefits adequate to secure the payment of the maintenance, child support, and health insurance for as long as the defendant is obligated to pay maintenance, child support, and health insurance (see Matter of Anonymous v Anonymous, 31 AD3d 955, 957).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court