Matter of Brandon v Lopez (2019 NY Slip Op 05658)





Matter of Brandon v Lopez


2019 NY Slip Op 05658


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-00789
 (Docket No. F-4189-11/18D)

[*1]In the Matter of Felicia Brandon, appellant,
v
Stephen Lopez, respondent.


Matthew J. Keating, Elmsford, NY, for appellant.
Stephen Lopez, Yonkers, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated December 20, 2018. The order denied the mother's objections to an order of the same court (Michele Reed Bowman, S.M.) dated October 2, 2018, which, after a hearing, dismissed the mother's petition to modify an order of support.
ORDERED that the order dated December 20, 2018, is affirmed, without costs or disbursements.
The parties were divorced by a judgment dated May 4, 1998, which was modified by an order of support dated November 7, 2013. The judgment of divorce incorporated, but did not merge, the parties' stipulation of settlement, which provided, inter alia, that the father's child support obligation would continue until the parties' child was "emancipated," as that term was defined in the stipulation. Several weeks prior to the child's 21st birthday, the mother filed a petition to modify the order of support dated November 7, 2013. The petition requested that the father be directed to continue paying support for the child past her 21st birthday, until she graduates from college.
The parties appeared before the Support Magistrate for a fact-finding hearing, at which the father acknowledged that he had signed a notarized document agreeing to pay child support until the child graduated from college the following year. However, the parties did not provide the Support Magistrate with copies of the stipulation of settlement or the judgment of divorce, or otherwise mention those documents during the hearing. The Support Magistrate stated that the court did not have the authority to extend the father's child support obligation beyond the child's 21st birthday unless the parties' judgment of divorce provided for such. Accordingly, based on the evidence in the record, the Support Magistrate issued an order dated October 2, 2018, stating that the child was emancipated by having turned 21 years old and that the Family Court did not have the authority to extend the father's support obligation, and dismissing the mother's modification petition.
The mother filed objections to the Support Magistrate's order and attached the parties' judgment of divorce and stipulation of settlement to her objections. The Family Court denied the mother's objections, and the mother appeals.
We agree with the Family Court's determination to deny the mother's objections to the Support Magistrate's dismissal of her petition to modify the father's support obligation so as to require him to continue to pay support until the child graduates from college. We agree with the Support Magistrate's determination that the Family Court could not enforce the notarized agreement to which the parties referred, as it was not incorporated into the judgment of divorce (see Matter of Cancilla v Cancilla, 22 AD3d 490, 491). The judgment of divorce and stipulation of settlement could not be considered in determining the mother's objections because those documents were not offered at the hearing before the Support Magistrate (see Matter of Loveless v Goldbloom, 141 AD3d 662, 663; Matter of Korosh v Korosh, 99 AD3d 909, 910).
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court