Matter of Vittorio v Vittorio (2025 NY Slip Op 01379)

Matter of Vittorio v Vittorio

2025 NY Slip Op 01379

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-10439
 (Docket No. F-3461-23)

[*1]In the Matter of Nicholas Vittorio, respondent,
v
Rebecca Vittorio, appellant.

New York Legal Assistance Group, New York, NY (Lisa Rivera and Annie L. Zagha of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated October 6, 2023. The order denied the mother's objections to an order of the same court (Lisa M. Williams, S.M.) dated August 4, 2023, which, after a hearing, directed the mother to pay child support in the sum of $117.23 per week.
ORDERED that the order dated October 6, 2023, is affirmed, without costs or disbursements.
In April 2023, the father filed a petition against the mother seeking child support for the parties' child. In an order dated August 4, 2023, after a hearing, the Support Magistrate directed the mother to pay child support in the sum of $117.23 per week. The mother filed objections to the Support Magistrate's order. In an order dated October 6, 2023, the Family Court denied the mother's objections. The mother appeals. We affirm.
"'When determining parental income for the purposes of child support, [a] support magistrate need not rely upon a party's account of his or her own finances, but may impute income to a party based on his or her employment history, future earning capacity, education background, or money, goods, or services provided by relatives and friends'" (Matter of Goldstein v Lika, 226 AD3d 1016, 1017 [internal quotation marks omitted], quoting Matter of Sinzieri v Kaminsky, 218 AD3d 592, 593). "A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (Saks v Saks, 199 AD3d 950, 952 [internal quotation marks omitted]). "A [s]upport [m]agistrate is afforded considerable discretion in determining whether to impute income to a parent, and we accord deference to a support magistrate's credibility determinations" (Matter of Kiernan v Martin, 108 AD3d 767, 768 [citation and internal quotation marks omitted]). Here, the Support Magistrate providently exercised her discretion in imputing income to the mother based on the mother's work experience and earning capacity, and her assessment of the mother's credibility (see Family Ct Act § 413[1][b][5]; Matter of Padilla v Northington, 205 AD3d 915). Similarly, the amount of income imputed to the father and the calculation of the mother's basic child support obligation by the Support Magistrate are supported by the record and should not be disturbed (see Family Court Act § 413[1][b][5]; [f]; Matter of Goldstein v Lika, 226 AD3d at 1017).
The mother's remaining contentions are not properly before this Court.
Accordingly, the Family Court properly denied the mother's objections to the order dated August 4, 2023.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court